**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GEORGE MICHAEL CURLEY, *pro se*,

    Plaintiff,

    vs.                                        No. CIV 98-0289 JC/RLP

VIC JENKINS, Otero County Detention Center
Administrator, RANDY BOOKOUT, Otero County
Detention Center Shift Supervisor, Sergeant,
individually and in their capacities as Detention
Officers of the Otero County Detention Center,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF REMAND**

    THIS MATTER comes before the court on *pro se* Plaintiff's Response to Notice of Removal, which the Court will construe as a "Motion to Remand." Having considered the submissions of the parties, the court finds that the motion is well taken and will be granted. For this reason, Defendants' Motion to Stay Discovery; Defendants' Motion to Strike Plaintiff's Response to Defendant's Answer of Complaint; and Plaintiff's Motion for Production of Documents are denied as moot.

    On March 10, 1998, Defendants filed their Notice of Removal [Doc. 1]. They alleged that the case was brought pursuant to 42 U.S.C. § 1983 in the Twelfth Judicial District Court, Cause No. 97-457 (County of Otero, New Mexico) and thus involved a federal question to give this court jurisdiction. Defendants stated that "[t]his Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days after receipt by the Defendants of Plaintiff's Complaint." Notice of Removal ¶ 3.

Plaintiff took exception to Defendants' claim of timely receipt, and he set out in detail how he hand-delivered copies of his complaint to Defendants as well as leaving copies with Detention Center personnel on the date he filed the complaint in state court--October 6, 1997. Although the parties repeatedly misstate the year, it is clear that Defendants were formally served with process on February 13, 1998.

In Defendants' Response to Plaintiff's Motion to Remand [Doc. 5], they did not dispute receipt of the copies of the complaint in October, 1997. Instead, they argue at paragraph 2 of their brief that "Plaintiff acknowledges that Defendants were not properly served until February 13, 1997 [sic]. Pursuant to 28 U.S.C. § 1446(b) a defendant may remove within thirty (30) days *after service* of the subject complaint. Thus, Defendants['] Notice of Removal, which was filed on March 10, 1998, is timely."

### Discussion

The statute setting out the procedure for removal provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days *after the receipt* by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, *whichever period is shorter*.

28 U.S.C. § 1446(b) (emphasis added).

Whether the time starts running from date of "receipt" or date of "service" is a question of first impression in the District Court of New Mexico and the issue has not been ruled on by the Tenth Circuit Court of Appeals. There are, however, several district courts within this circuit that have decided the issue. *See Dawson v. Orkin Exterminating Co., Inc.*, 736 F. Supp. 1049 (D. Colo. 1990);

*Rothwell v. Durbin*, 872 F. Supp. 880 (D. Kan. 1994); *Alliance Financial Servs. v. Villa Del Rey-Roswell, Ltd.*, 879 F. Supp. 1140 (D. Utah 1995).  All of these courts found that the 30-day period began running upon receipt of the complaint.

As noted by the *Dawson* court, there is a split of authority on this issue.  736 F. Supp. at 1052; *accord Roe v. O'Donohue*, 38 F.3d 298, 303 (7th Cir. 1994) (collecting cases).  The majority rule appears to be, however, that the time begins to run upon "receipt," not service.  *Burr v. Choice Hotels Int'l, Inc.*, 848 F. Supp. 93, 94 n.1 (S.D. Texas 1994).  I agree with the reasoning of these courts.

Removal statutes are strictly construed against removal.  *McShares v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997) (citing cases).  The statute provides that the period begins after "receipt" by "service or otherwise."  This provision "'strongly suggest[s] that the statutory period is triggered by 'receipt' of an initial pleading by the defendant, irrespective of the technicalities of state service of process of law.'"  *Dawson*, 736 F. Supp. at 1052 (quoting *Conticommodity Servs., Inc. v. Perl*, 663 F. Supp. 27, 30-31 (N.D. Ill. 1987).

Accordingly,

IT IS ORDERED:

1. That Plaintiff's Response to Notice of Removal/Motion to Remand [Doc. 5] is GRANTED and this case is REMANDED to the Twelfth Judicial District Court, Otero County, New Mexico;

2. Defendants' Motion to Stay Discovery [Doc. 3] is DENIED;

3. Defendants' Motion to Strike Plaintiff's Response to Defendants' Answer of Complaint [Doc. 8] is DENIED; and

4. Plaintiff's Motion for Production of Documents [Doc. 7] is DENIED.

IT IS SO ORDERED.

------

**CHIEF UNITED STATES DISTRICT JUDGE**