IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE MICHAEL CURLEY, *pro se*,

      Plaintiff,

   -vs-                                                 No. CIV 98-0289 JC/RLP

VIC JENKINS, Otero County Detention Center
Administrator, RANDY BOOKOUT, Otero County
Detention Center Shift Supervisor, Sergeant,
individually and in their capacities as Detention
Officers of the Otero County Detention Center,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants' Motion to Reconsider (Docket No. 13). Having considered the submissions of the parties, the court finds that the motion is not well taken and will be denied.

On March 27, 1998, I remanded this action to the Twelfth Judicial District Court for Otero County on the basis that Defendants' Notice of Removal was untimely. After noting a split in authority, I adopted the rationale of Dawson v. Orkin Exterminating Co., Inc., 736 F. Supp. 1049 (D. Colo. 1990), and found that "the statutory period is triggered by 'receipt' of an initial pleading by the defendant, irrespective of the technicalities of state service of process of law.'" Id. at 1052. In the present case, the *pro se* plaintiff had asserted that he had hand-delivered copies of the Complaint on October 6, 1997, more than thirty days prior to the filing of the notice of removal.

Defendants concede that they did not dispute the alleged October 6, 1997 hand-delivery in their response to Plaintiff's request for remand. In support of their motion to reconsider, Defendants

now have submitted their own affidavits to dispute this point.  Both testify that the first time they received copies of the Complaint was the date of actual service, in which case their removal notice was timely.  Plaintiff does not counter with evidence to the contrary.  Thus, the Court was under a misconception as to the facts regarding the first day Defendants received copies of the Complaint, the date from which the thirty-day time limit for removal began.

A motion to reconsider is appropriate where a "court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension."  Huff v. UARCO, Inc., 925 F. Supp. 550, 561 (N.D. Ill. 1996).  Another "basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court."  Id.  Moreover, a motion to reconsider cannot be used to present evidence that could have been adduced during pendency of the original motion.  Petty v. Board of County Comm'rs, 926 F. Supp. 162, 165 (D. Kan. 1996).

Defendants were aware of the first date on which they actually received copies of the Complaint and could have submitted testimony to that effect at the time this Court was considering remand.  Defendants assert that they "did not dispute this contention, incorrectly assuming that the pertinent date under the removal statute was the February 13, 1998 date of service."  Motion to Reconsider at 2.  In other words, Defendants argue that reconsideration should be granted because of their own misapprehension of the applicable law.

Even if this ground for reconsideration fit any of the Rule 60(b) categories or could be said to constitute the exceptional circumstances required, this Court lacks the power to reconsider its order of remand.  My decision to remand was based upon one of the grounds set forth in § 1447(c)--a defect in the removal procedure.  Under § 1447(d), an order remanding an action on

a ground authorized by § 1447(c) is immune from review "by appeal or otherwise." See Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995). "Unquestionably, the statute not only forecloses appellate review, but also bars reconsideration of such an order by the district court." Three J Farms v. Alton Box Bd. Co., 609 F.2d 112, 116 (4th Cir.1979), cert. denied, 445 U.S. 911 (1980); see also In re Lowe, 102 F.3d 731 (4th Cir. 1996) (holding that when the reviewability bar of § 1447(d) is implicated, federal district court loses jurisdiction over a case as soon as its order to remand is entered).

As one court has noted, "[t]he district court has one shot, right or wrong" in deciding whether to remand on § 1447(c) grounds. See In re La Providencia Dev. Corp., 406 F.2d 251, 252-53 (1st Cir. 1969). Having taken that "shot," I am no longer free to reload to correct the aim.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion to Reconsider (Docket No. 13), be, and is, **denied**.

DATED this 8th day of May, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Plaintiff *pro se*:        George Michael Curley

Counsel for Defendants:    Thomas A. Sandenaw, Jr.
                           Leonard J. Piazza
                           Law Office of T. A. Sandenaw
                           Las Cruces, New Mexico